Ludlow, Brewerton, and Strong, trustees for all the creditors of Paul R. Randall, *an absent debtor,* against R. S. Van Rensselaer.

A note made in *France,* but payable to a person in *America,* is valid here, though *not stamped* according to the laws of *France.* Our courts do not take notice of the *revenue laws* of foreign countries.

This was an action of *assumpsit,* on a promissory note made by the defendant, in 1798, for 3400 livres, payable to *Alexander Stewart,* or order, on demand, for value received of *Paul R. Randall,* which note was indorsed to the plaintiffs, as trustees of *Randall.* The declaration also contained a count for money had and received. Plea, *non assumpsit.* The cause was tried at the *New-York* sittings, on the 5th of January, 1805, before Mr. Justice *Livingston.* The note was offered in evidence on both counts, and it was admitted at the trial, that the note was made at *Paris,* in *France,* where the defendant, and *Randall,* then resided; that *Stewart,* the payee, who was the mere agent of *Randall,* at that time and ever since, has resided in *New-York,* where the note was to be paid; that by the laws of *France,* existing at the time, all notes for the payment of money, were required to be *stamped,* without which, no note could be recovered in that country. A verdict was found for the plaintiff for $511, and 34 cents. On a case reserved, containing the above facts, the following question was raised for the opinion of the court: Whether the plaintiffs could recover on a note, not having a stamp, as required by the laws of *France,* where it was made?

*Harison* for the plaintiffs. Where a contract is made in reference to another country, in which it is to be executed, it must be governed by the laws of the place where it is to have its effect. *Robinson* v. *Bland,* 2. *Burrows,* 1077.* The note in question was made *payable at New-York,* and the parties must have had in view the laws of the *United States.* At that time, a *stamp act* existed in this country,† as well as in *France.* By the law of the *United States,* a note not stamped was not therefore void. The stamp was only necessary to render it admissible as evidence in a court; and it might be stamped at any time, on paying a higher duty,§ so as to enable the holder to recover on the note in a court of justice.† The stamp act of the *United States,* was repealed on the 30th of *June,* 1803,§ so that notes previously issued, and remaining unstamped, are now as available at law, as if no such act had ever been made.

The case of *Alves* v. *Hodgson,* 7 *D.* and *E.* 241, may, perhaps, be cited to show that a note, made at *Jamaica,* and payable at *London,* and not stamped according to the laws of that island, was considered as a nullity. It may be said, however, that *Jamaica* was a part of the British empire, and the stamp duty a matter of revenue. In that case, Ld. *Kenyᵒn* went no further than to say, that the note, not being stamped, could not be received in evidence; but that the party might, notwithstanding, recover on the *quantum meruit,* and awarded a new trial to give the plaintiff an opportunity of availing himself of that count.

If a contract, on the face of it, appears to be valid, our courts will not undertake to enforce the *revenue laws* of a foreign country,† by declaring it void. Yet admitting, that *quasi* a note under the revenue law, it was a nullity, still the original contract, for which it was given, remains in force between the parties, and the plaintiffs are entitled to recover on the other count in the declaration.

*Tenbrook,* contra, contended that all contracts must be governed by the laws of the country in which they are made. As this note was void in *France,* and of no opera-

ALBANY,
Feb. 1806.

Trustees of
Randall
v.
Rensselaer.

* S. C. Blacks.
234—256.

† This act was passed the 6th July, 1797. See laws of U. S. 4, p. 21.

§ 10 *Dollars.*

† Laws U. S. vol.4, p.31, vol. 5, p. 97.

§ Vol. 6, 58.

† See *Holman* v. *Johnson,* Cowper, 343. Ld. *Mansfield* said "no country ever takes notice of the *revenue* laws of another."

ALBANY,
Feb. 1806.

Trustees of
Randall
v.
Rensselaer.

tion there, it could not be recovered upon in a court here; for this court will take notice of the laws of the place where the contract is made. Though the note was made payable to a person residing in *New-York*, yet the real parties were both resident in *France*, at the time the note was made, and their acts must be considered as governed by the laws of that country. He cited 7 *D.* & *E.* 241. *Cowper,* 341. 1 *H. Black.* 148. *Loft.* 138—154. 2 Str. 733. *Burrows* and *Jemino, in Canc.*

LIVINGSTON, J. delivered the opinion of the court. The payee of this note, though it was made in *France*, resided at the time, within this state, where it was to be paid.— As we do not sit here to enforce the revenue laws of other countries, it is perfectly immaterial, in a suit before us, whether or not the note was stamped according to the laws of *France.* Such a duty is not imposed upon us, nor, if it be admitted that the law of *France*, in this instance, has been violated, are we bound to take notice of such violation? If it were otherwise, it might well be said, that the parties never contemplated exacting the payment of this note in that country, and this would form a sufficient excuse here, for not adhering rigidly to a matter, extrinsic and formal as to the contract, though it might be necessary, in order to sustain an action in the courts of *France.*

Judgment for the plaintiffs.