Skinner *v.* Tinker.

———•◦•———

SKINNER *vs.* TINKER.

An action can be sustained, in our courts, on a contract made in Cuba, although not stamped as required by the laws of Cuba.

A partnership that has no limit in respect to time, may be dissolved by either partner, at any time; but such a dissolution will not deprive the other party of any claim for damages which he has sustained prior to the dissolution. Nor would he be authorized to incur new expenses or liabilities in order to carry out the partnership, after notice of dissolution.

Where a party to an agreement gives notice to the other, of his determination not to perform the same, on his part, performance by the party receiving such notice becomes unnecessary.

On receiving such notice, the party is entitled to damages, if any have been sustained, up to that time, but not to prospective damages.

ACTION to recover damages for breach of a contract, for the formation of a partnership. The plaintiff, a dentist of Brooklyn, and the defendant, a dentist of Havana, Cuba, entered into a written agreement at the latter place, March 12, 1853, by which they were to prosecute dentistry, as partners, at Havana; to begin some time in October or November thereafter, if plaintiff should present himself. The agreement was silent in regard to the duration of the partnership. Thereupon the plaintiff sold out his business at Brooklyn to Dr. Marvine, and entered into bonds not to resume practice there, and made all preparations for carrying out his agreement. After this, and on the 15th day of May, 1853, he received a letter from the defendant declining to carry out the agreement on his part. Other letters followed. The plaintiff nevertheless went to Cuba, arriving there December 15, 1853, and offered to perform the agreement, but the defendant refused, referring the plaintiff to his letters. The plaintiff returned home, but did not resume practice. The plaintiff claims that he sustained large damage by reason of the defendant's violation of the agreement. On the trial at the circuit the plaintiff proved the agreement, his sale of his business at Brooklyn &c., the defendant's refusal to perform, the plaintiff's readiness and offer to perform, and the damages the plaintiff had sustained by reason of the defendant's violation of the agreement. The defendant moved to dismiss the complaint, on three grounds, viz: 1. That the contract was incomplete on its face, and contemplated other and further provisions before it could be binding upon either of the parties, and was therefore an imperfect agreement and void. 2. That it was not written on stamped paper, and being a

Skinner *v.* Tinker.

Cuban contract, was controlled by the laws which govern that island, which require a government stamp.   3. That the plaintiff did not present himself to the defendant at the time stipulated in the alleged contract.   The court denied the motion on each of the above points, and the defendant excepted.

The jury rendered a verdict in favor of the plaintiff, and assessed his damages at $4000.   Judgment was suspended, until the exceptions taken should be reviewed at a general term of the court.

*L. R. Marsh,* for the plaintiff.

*P. Y. Cutler,* for the defendant.

*By the Court,* INGRAHAM, J.   It is not necessary to decide whether the contract on which this action was brought was void here for want of a stamp, under the laws of Cuba.   The case of *Ludlow* v. *Van Renssaelar* (1 *John.* 94) would sustain a recovery in our courts, on the contract, although not stamped.   (*See also Andrews* v. *Herriot,* 4 *Cowen,* 508, *n.*)

A partnership that has no limit in respect to time may be dissolved by either partner, at any time, (*Chit. on Con.* 208 ;) but such dissolution would not deprive the other party of any claim for damages which he might have sustained prior to the dissolution ; nor would he be authorized to incur new expenses or liabilities in order to carry out the partnership, after notice of dissolution.   (*See Skinner* v. *Dayton,* 19 *John.* 538.)

Performance on the part of the plaintiff, by appearing in Havana in October or November, as stated in the contract, was unnecessary, because the defendant had given notice of his determination not to form the partnership.   The plaintiff was then entitled to damages, if any were sustained, up to that time, but not to prospective damages.

These are all the exceptions, and we can review nothing else, in this case.

Judgment should be ordered for the plaintiff on the verdict, with costs.

[NEW YORK GENERAL TERM, May 6, 1861.  *Clerke, Ingraham* and *Sutherland,* Justices.]