THEODORE B. HENNENLOTTER, Plaintiff, *v.* DOLORES QUINTANILLA DE ORVANANOS, Defendant.

(Supreme Court, Kings Trial Term, February, 1921.)

Negotiable instruments — check drawn in Mexico and payable in New York on condition considered to be a Mexican transaction — when defendant entitled to judgment.

> A check written in the Spanish language and payable in dollars in New York city, was made by defendant, a firm of bankers in Mexico, and there delivered to the payee upon the condition in writing that if a draft given to defendant by the payee at the time, was not paid, the check was to be void and of no value. The draft was not paid, and payment of the check was stopped. In an action on the check, which came to plaintiff's assignor by indorsements made in Mexico, defendant pleaded a breach of the condition upon which the check was given, and all the facts showed that the case presented a Mexican transaction as to all parties except the drawee of the check. *Held,* that New York law does not apply and defendant is entitled to judgment.

ACTION on two instruments for the payment of money.

Bonynge & Bonynge (Paul Bonynge, of counsel). for plaintiff.

Stewart & Shearer (McCready Sykes, of counsel), for defendant.

LAZANSKY, J. Action on two instruments for the payment of money similar in form to and conceded to be checks such as are commonly used in this state. The checks were executed and delivered in Mexico " to the order of " a person named, payable in dollars in New York city by a firm conceded to be bankers and were written in the language used in Mexico. They came to plaintiff's assignor by indorsements made in

Mexico. These indorsements were in the form used in this state in the usual course of negotiation. The checks, with others, were delivered to the payee upon the condition in writing that if two drafts given to the defendant at the same time by the payee were not paid then the checks were to be void and of no value. The drafts were not paid and defendant stopped payment of the checks in suit. As a defense, defendant pleads breach of. the condition. If the laws of this state be applicable to the obligation of the drawer of the checks, the defense is not good, because plaintiff's assignor is a holder for value in due course. If, however, the laws of Mexico apply, then the defense is valid. According to the testimony, in Mexico these checks are not negotiable and would be subject to the defense. There a check may be payable to an individual and is not negotiable. A check payable to the order of a person or a person or order is unknown to Mexican law. A check may be payable to bearer and is negotiable by delivery. If the checks were deemed bills of exchange or drafts as known here, they would not be negotiable in Mexico, because, as testified, they do not contain certain items essential to such instruments under the law, and, therefore, would be merely choses in action or " credits " and subject to the defense. Do the laws of New York or Mexico apply? The obligation of the drawer of a bill of exchange is determined by the law of the place where he delivered it. *Amsinck* v. *Rogers*, 189 N. Y. 252. It might be interesting to consider the proposition that a check is practically the same as a bill of exchange (which has been the subject of discussion by the courts and text book writers) and, therefore, the rule stated should be applied here. But that need not be discussed in light of the conclusion reached. While it was not necessary to the decision in that case,

the court in *Amsinck* v. *Rogers, supra,* states as a rule laid down in *Hibernia National Bank* v. *Lacombe,* 84 N. Y. 367, that the obligation of the drawer of a check is determined by the law of the 'place where it is payable. In thus stating this rule the court in the *Amsinck* case was but differentiating the case of a bill of exchange from that of a check. However, it is so stated that it would seem to be a confirmation of what the court says the *Hibernia National Bank* case does hold. Under these circumstances, despite the general rules laid down in *Union National Bank* v. *Chapman,* 169 N. Y. 538, it would be necessary to hold in this case that the law of New York is applicable, were it not that the court in the *Amsinck* case seems to have overlooked the effect in this respect of section 321 of the Negotiable Instruments Law which provides: " Check defined — A check is a bill of exchange drawn on a bank payable on demand." See *Casper* v. *Kuhne,* 79 Misc. Rep. 411. This section was discussed in the *Amsinck* case on a question of whether the instrument under consideration was a check or a bill of exchange. But as to whether it changed the law as the court in the *Amsinck* case says it was held in the *Hibernia National Bank* case was not the subject of consideration. The Negotiable Instruments Law was not in existence at the time of the decision ·in the *Hibernia National Bank* case. Uniformity of rules was one of the reasons for the adoption of this legislation. To apply the rule of the *Amsinck* case to a check makes for uniformity and ends a seeming difference which existed with but little, if any, impressive reason. It will, therefore, be held that the Mexican law is applicable. Because the checks were drawn on a form common to our state and unknown to Mexican law and because 100 of them came to the hands of plaintiff's assignor by

negotiation in form usual in New York, it is argued defendant is estopped to deny that New York law is applicable. But plaintiff's assignor was not led to believe by any acts of defendant that she would not assert a defense to the checks, if one she had, as she would have the right under the Mexican law. Even if she knew the checks had been negotiated as checks are here negotiated, of which there is no proof, she never indicated that she would not assert her rights under the Mexican law. There is no proof that she knew the significance of the form of the checks. There is no estoppel to be invoked against defendant. It is also insisted that the form of the check and the manner of the negotiation of other of defendant's checks, which reached plaintiff's assignor, indicated an intention of defendant to have the New York law apply. In the first place there is no proof that she knew of the significance of the form of the check and there is no proof that she knew how others issued by her had been negotiated. Defendant knew the checks in the case were payable in New York. But in light of the condition on which they were issued to the payee, how can it be said she intended the laws of New York to apply? Such an intention would have made the conditional agreement an idle transaction. Besides the facts in the case show it was a Mexican transaction as to all parties except the drawee. There will be judgment for defendant.

Judgment for defendant.