CHARLES BEADALL and ERNEST MONTAGUE MARX, Doing
  Business under the Firm Name of A. MARX & COMPANY,
  Appellants, *v.* GEORGE G. MOORE, Respondent.

First Department, January 13, 1922.

Bills and notes — conflict of laws — validity determinable by law
  of place of performance — presumption that place of performance
  is place where instrument dated may be overcome by parol
  proof — instrument dated in England and void there for lack of
  revenue stamp is enforcible here if payable here — instrument
  negotiable here not necessarily within English statute requiring
  revenue stamp.

A negotiable instrument, if valid in the place where by its terms it is to be
  performed, is there enforcible though it may be void by the law of the
  place where it was executed.
Where no place of performance is mentioned in a negotiable instrument,
  it is presumed that it is to be performed in the country where dated, but
  this presumption may be overcome by parol proof that it was the intention
  of the parties that the instrument should be performed in this State.
Accordingly, an instrument for the payment of money, dated in London,
  which does not specify the place of payment, may be enforced in this
  State, though by the laws of England it is void for failure to affix a
  revenue stamp, if it can be shown that the intent of the parties was that
  it should be payable here.
Likewise, an instrument for the payment of money, dated in London and
  payable in New York, may be enforced here, irrespective of the laws of
  England requiring the affixing of a revenue stamp to render the instrument
  valid.
Though by virtue of section 214 of the Negotiable Instruments Law the plain-
  tiff had the right to elect to treat an instrument in the following words:

" GEORGE G. MOORE:                    " LONDON, *Nov.* 16, 1919.
  " Pay A. Marx & Co. or order Nine hundred and fifteen pounds (£915).
                                    " GEORGE G. MOORE.",

as a negotiable promissory note, it does not follow that it was an instrument
  subject to the English statute requiring a stamp to be affixed to render
  it valid.

APPEAL by the plaintiffs, Charles Beadall and another, from
so much of an order of the Supreme Court, made at the
New York Special Term and entered in the office of the clerk

of the county of New York on the 25th day of July, 1921, as denies plaintiffs' motion for judgment on the pleadings, as to the first cause of action set out in plaintiffs' complaint.

*Choate, Larocque & Mitchell* [*Clarence V. S. Mitchell* of counsel; *Robert M. Johnson* with him on the brief], for the appellants.

*William P. McCool* of counsel [*Richard Campbell* with him on the brief], for the respondent.

Page, J.:

The complaint alleges two causes of action. The answer was interposed only to the first cause of action. Both parties moved for judgment on the pleadings. The court denied the defendant's motion and granted plaintiffs' motion for judgment upon the second cause of action, but denied plaintiffs' motion upon the first cause of action.

The first cause of action is to recover upon two written instruments as follows:

" George G. Moore:          " London, *Nov.* 16, 1919.

" Pay A. Marx & Co. or order Nine hundred and fifteen pounds (£915).         GEORGE G. MOORE."

                        " London, *Nov.* 16, 1919.
" George G. Moore,
      " 52 Vanderbilt Avenue,
          " New York:

" Pay A. Marx & Co. or order One thousand and eighty-seven pounds, 10 shillings (£1087–10).

                " GEORGE G. MOORE."

The plaintiffs allege these to be negotiable promissory notes. They have the right to elect to treat them as such. (Neg. Inst. Law, § 214.)

The defendant pleads as a defense that at the time these instruments were executed the laws of England provided that all promissory notes should be void in their inception unless prior to their execution and delivery the maker thereof paid the tax imposed thereon and affixed to said note a stamp evidencing payment; that no tax was paid upon said instruments as required by the law, and no stamp evidencing the

payment of such tax was ever affixed thereto, and, therefore, the instruments were void from the beginning and never became promissory notes, and the defendant was not liable thereon.

In so far as this defense sets forth the revenue law of England, it will be disregarded, as the courts of this State will not enforce the revenue laws of a foreign State or country. (*Ludlow* v. *Van Rensselaer*, 1 Johns. 94; *State of Colorado* v. *Harbeck*, 232 N. Y. 71.)

The rule is, however, that negotiable instruments are governed by the law relating to contracts, and it is the settled law that the validity of a contract is to be determined by the law of the place where it is made or to be performed. The instruments were made and delivered in London, England, and if void by the law of that country would be void everywhere, with the exception noted as to the law of the place of performance, which will be considered later.

There is a distinction between those laws which render an instrument void for lack of a stamp, and those which provide that the unstamped instrument shall not be enforcible. The latter relates to the remedy; and the law of the forum will be applied. In such case it makes no difference that the instrument may not be enforced in the country where made; if not obnoxious to our laws it may be enforced in the courts of this State. Such was the case of *Ludlow* v. *Van Rensselaer* (*supra*). Furthermore, it does not follow, because these instruments may be treated either as accepted bills of exchange or negotiable promissory notes by the laws of this State, that they are instruments subject to the English statute requiring a stamp to be affixed to render them valid.

Where no place of performance is mentioned in the note or contract, it is presumed that it is to be performed in the State or country where dated. This presumption would yield to proof to the contrary, and as the first instrument is silent on this subject, the real agreement of the parties could be shown by parol proof, as it would not tend to alter or vary the terms of the writing.

The place of performance of a bill of exchange or a promissory note is the place of payment. When a bill or note is executed in one State or country and payable in another, the general

rule is that it is governed as to its nature, validity, interpretation and effect by the laws of the State where made payable, without regard to the place where it is written, signed or dated, it being presumed that the parties contracted with reference to the laws of that place (8 C. J. 92), especially where the note would be void in the place where made and valid where it was payable. The parties would be presumed to have intended to make a valid and enforcible instrument instead of one that was void.

The second of the instruments is drawn upon the maker at an address in the city of New York. This designates the place where it is payable. Recovery may be had on that instrument in our courts irrespective of the laws of England; and, as we have intimated above, recovery may be had on the other if it was the understanding of the parties that it also was to be payable in New York city.

This defense cannot be disposed of as a question of law.

The order will be affirmed, with ten dollars costs and disbursements to the respondents.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.