SWIFT & COMPANY, INC., Plaintiff, *v.* CHEMICAL BANK & TRUST COMPANY and BANKERS TRUST COMPANY, and Another, Impleaded, Defendants.

Supreme Court, New York County, July 6, 1937.

*Lewis Ackley,* for the plaintiff.

*White & Case* [*Chester Bordeau* of counsel], for defendant Bankers Trust Company.

*Duncan & Mount* [*Kenneth Thompson* of counsel], for the defendant I-C Bank & Trust Company.

PECORA, J. The question presented on this motion for summary judgment is whether the rights of the parties are governed by the law of this State or by the law of Illinois. If our laws apply, the plaintiff is entitled to judgment, the check in question having **been**

drawn in Illinois by a dishonest employee of the plaintiff, on the defendant Chemical Bank & Trust Company in New York, to the order of a fictitious payee not known to the plaintiff to be such. On the other hand, if the Illinois law controls, the plaintiff is not entitled to recover in view of the fact that the statutes of that State provide that an instrument is payable to bearer " when it is payable to the order of a fictitious or non-existent or living person not intended to have any interest in it, and such fact was known to the person making it so payable, *or known to his employee or other agent who supplies the name of such payee.*" (Italics the court's.)

The decisions of the courts of this State on the question of conflict of laws thus presented cannot be logically reconciled. In *Hibernia National Bank* v. *Lacombe* (84 N. Y. 367) the Court of Appeals declared that the drawer of a check undertakes that the drawee will be found at the place where he is described to be, and that the sum specified will be paid to the holder of the check when presented, and if not so paid that the drawer will become absolutely bound to pay at the place named. The court held that the rights of the parties were to be determined by the laws of the place of payment. In *Amsinck* v. *Rogers* (189 N. Y. 252) the Court of Appeals held that in the case of a bill of exchange the obligations and liability of the drawer were governed by the law of the place where the bill was delivered by the drawer. In making this decision the Court of Appeals did not, however, reject the doctrine that the law of the place of performance governed the rights of the parties to the instrument. On the contrary, the court applied the law of the place of performance, holding that the obligations of the drawer of a bill of exchange are to be performed in the State where the drawer is located and not in the jurisdiction of the drawee. In *Beadall* v. *Moore* (199 App. Div. 531) the Appellate Division in this Department held that the place of performance of a bill of exchange or a promissory note is the place of payment, and that the general rule is that a bill or note executed in one State or country and payable in another is governed as to its nature, validity, interpretation and effect by the laws of the State where it is payable without regard to the law of the place where it is written, signed or dated.

However, in *Union Nat. Bank* v. *Chapman* (169 N. Y. 538), the Court of Appeals declared (at p. 543) that " all matters bearing upon the execution, the interpretation and the validity of contracts, including the capacity of the parties to contract, are determined by the law of the place where the contract is made." The action was brought on a note made in Alabama and payable in

Illinois. The defendant was the wife of one of the makers of the note and added her signature as a comaker in Alabama. The Court of Appeal held that the Alabama law, which prohibited a wife from becoming a surety for her husband, governed the rights of the parties, and accordingly decided in favor of the wife. In *Hennenlotter* v. *De Orvananos* (114 Misc. 333) Mr. Justice LAZANSKY (now Presiding Justice of the Appellate Division, Second Department), sitting at Trial Term, refused to follow the doctrine of *Hibernia National Bank* v. *Lacombe* (*supra*), on the theory that section 321 of the Negotiable Instruments Law, which provides that "A check is a bill of exchange drawn on a bank, payable on demand," obliterated any distinction which may previously have existed between checks and bills of exchange, as a consequence of which the decision in *Amsinck* v. *Rogers* (*supra*) in respect of bills of exchange also became applicable to checks. Accordingly the law of the place where the check was made and delivered was held to govern rather than the law of the jurisdiction in which the drawee was located. In the New York annotations to the Restatement of the Law of Conflict of Laws, the law of New York on the question under consideration is stated to be " unsettled " (§ 336). Section 336 of the Restatement of the Law of Conflict of Laws reads as follows: " Negotiable Instruments. The law of the place of contracting determines whether a mercantile instrument is negotiable, whether it is duly executed and delivered, whether it is valid without consideration, and if not, whether consideration has been given." The New York annotations to this section state: "As to the negotiability of an instrument, a decision by the Court of Appeals is consistent with the section (*Amsinck* v. *Rogers*, 189 N. Y. 252) and a dictum by the same court supports it (*Hodges* v. *Shuler*, 22 N. Y. 114, 117). A decision by a trial court is in accord with the section (*Hennenlotter* v. *De Orvananos*, 114 Misc. 333). However, an early decision is in conflict with the section (*Warren* v. *Lynch*, 5 Johns. 239) and a dictum of the Court of Appeals (*Hibernia National Bank* v. *Lacombe*, 84 N. Y. 367) is opposed to the section as to the nature of the contract."

In view of the confused state of the decisions in our jurisdiction it is the opinion of this court that the conflict should be resolved by adopting the rule as stated in the Restatement of the Law, previously quoted. Accordingly, the court holds that the question whether the check constituted a negotiable instrument payable to bearer must be determined by the laws of Illinois, where the check was drawn. As the check under the Illinois statute became a bearer instrument, the drawer has no cause of action against the drawee bank which honored the same. The motion for summary judgment is accordingly denied. Order signed.