# FOWLER *v.* EQUITABLE TRUST COMPANY. (3)

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF ILLINOIS.

No. 36.   Argued April 16, 17, 1891. — Decided October 26, 1891.

A Connecticut corporation made in 1876 a loan of ten thousand dollars for
five years at nine per cent to a citizen of Illinois, the loan being evi-
denced by note, secured by deed of trust on real estate in the latter
State, providing that nothing contained in it should be so construed as
to prevent a foreclosure by legal process, and that upon any foreclosure,
the corporation should recover in addition to the principal, interest and
ordinary costs, a reasonable attorney's or solicitor's fee, not exceeding
five per cent for the collection thereof. It was also stipulated in the
deed, that the decree or order for foreclosure should direct and require
that the expenses of such foreclosure and sale, including the fees of
solicitor and counsel, be taxed by the court at a reasonable amount, and
paid out of the proceeds of the sale. The highest rate allowed by the
laws of Illinois at the time of the loan was ten per cent. The borrower
paid the agent of the company a commission of $150 under such an
arrangement as that referred to in the case of *Fowler* v. *Equitable Trust
Co., ante,* 384. *Held,*

(1) That the payment of these commissions to the company's agent did
not make the contract usurious, because if that sum was added
to the nine per cent stipulated to be paid, the total amount of the
interest exacted was less than the highest rate then allowed by
law;

(2) The stipulation in the deed of trust providing for the payment by
the borrower, in addition to ordinary costs, of a reasonable solic-
itor's fee, not exceeding five per cent, for collection in the event
of a suit to foreclose, did not make the contract usurious under
the law of Illinois.

THE court stated the case as follows:

The Trust Company, upon the written application of Sophie
Fowler, a citizen of Illinois, agreed to lend her the sum of
$10,000, for five years, at nine per cent per annum. She
and her husband executed to the company, for the principal
of the loan, ten coupon bonds of one thousand dollars each,
dated February 1, 1876, and payable on the 1st day of Febru-
ary, 1881, with interest, semi-annually, at the rate of seven

per cent per annum. They executed at the same time ten promissory notes of $100 each for the remaining two per cent, the first one being payable August 1, 1876, and the others, respectively, on the first days of February and August, 1877 to 1881, inclusive. To secure payment of the bonds, they conveyed to Jonathan Edwards, trustee, certain real estate in Springfield, and to secure the ten promissory notes of $100 each, they conveyed the same property to the same trustee, subject, however, to the other trust deed. These deeds do not differ in any respect material to this case from the deeds in the preceding cases, except that the deed given to secure the bonds here involved, aggregating $10,000, provides that nothing contained in it shall be so construed "as to prevent a foreclosure of the same by process of the law or in chancery," and that the trustee, or his successor or successors, shall, "upon any foreclosure of this trust deed, recover, in addition to principal, interest and ordinary costs, a reasonable attorney's or solicitor's fee, not exceeding five per cent for the collection thereof, all to be collected without relief from valuation or appraisement laws. And in case of any such foreclosure it is hereby stipulated that the decree, or order for foreclosure shall direct and require that the expenses of such foreclosure and sale, including the fees of solicitor and counsel, to be taxed by the court at a reasonable amount, shall be paid out of the proceeds of the sale," etc. This suit was brought to foreclose the defendant's equity of redemption, and to have the mortgaged property sold to pay the amount due the company. The answer in the case raised the same questions that are presented in the four preceding cases.

By a decree entered October 20, 1884, the court adjudged that the company recover $5125.42 as the balance of the principal sum actually received by the defendants, $614.72 for insurance and taxes paid by it, with interest thereon, and $287 as solicitor's fee; in all, $6027.14. When this decree was entered the plaintiff filed a written motion and petition for rehearing, in respect to which the same proceedings were had as in the preceding cases, and like motions and petitions for rehearing were filed. A rehearing having been granted, the

order for which was entered as of October 31, 1884, a final decree was entered January 11, 1887, adjudging that there was due the plaintiff for the principal and interest of the loan $15,296.60, $3173.26 for insurance, taxes and special assessments paid by it, and a reasonable attorney's fee, which was fixed at $923.49; in all, $19,393.35. and costs. From that decree the defendants appealed.

[This case was argued with Nos. 32, 33, *ante*, 384, and Nos. 34, 35, *ante*, 408.]

*Mr. William L. Gross* for the Equitable Trust Company.

*Mr. Robert G. Ingersoll* and *Mr. William Ritchie* for Fowler.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

For the reasons given in the opinion in Nos. 32 and 33, *ante*, 384, the question of usury raised must be determined by the law of Illinois. But what was there said in reference to usury, commissions paid to the company's agent by the borrower and the application to the principal sum of payments made has no application to this case. This was a loan of $10,000 for five years at nine per cent. The borrower received the whole amount agreed to be loaned to her. There was not even a reservation of interest in advance. She only gave notes for two per cent of the interest payable when the interest under the contract would become due. The payment of $150 to the broker, as his commission, did not make that contract usurious; for, if that sum be added to the nine per cent interest stipulated to be paid, the total amount of interest exacted would be less than ten per cent, the highest rate allowed by law. In *Brown* v. *Scottish-American Mortgage Co.*, 110 Illinois, 235, 239, the court said: "In the next place, at the time this loan was made (July 15, 1875) it was lawful to exact ten per cent per annum interest on money loaned. The note given bears interest only at the rate of nine per cent

per annum, and runs for five years. It has been held, and is the well-settled law of this court, that it is not usurious to exact the payment of interest in advance. *Mitchell* v. *Lyman*, 77 Illinois, 525; *Goodrich* v. *Reynolds*, 31 Illinois, 490; *McGill* v. *Ware*, 4 Scammon, 21. One per cent on $4500 (the amount borrowed) for five years makes just $225; and so,-in any view, interest has not been exacted beyond the rate of ten per cent per annum — the then legal rate." So in *McGovern* v. *Union Mutual Life Ins. Co.*, 109 Illinois, 151, 156: "When this loan was made the legal rate of interest was ten per cent per annum, when the contract provided for this amount. The loan in this case was for three years at nine per cent interest. Now the three per cent commissions only amounted to one per cent per annum, so that if the commissions are regarded as interest, and added to the interest at nine per cent provided for in the note, the rate would still be only ten per cent, and not usurious."

The loan was not, therefore, infected with usury, unless the provision in the trust deed providing for the payment by the borrower, in addition to ordinary costs, of a reasonable solicitor's fee, not exceeding five per cent, for collection, in the event of a suit to foreclose. But it is the law of Illinois that a provision of that character does not, of itself, make the contract usurious. In *Barton* v. *Farmers' & Merchants' Nat. Bank*, 122 Illinois, 352, 355, it was said: "If enforcing this promise to pay an attorney's fee would directly or indirectly have the effect of giving the payee, or of requiring the payor to pay, a greater compensation for the loan, use or forbearance of the money than is allowed by law, then, unquestionably, the contract would be usurious. The law will not tolerate any shift or device to evade its provisions. . . . By the statute, all penalties, whether as additional interest or as compensation for use use of the money, are prohibited; but where, as here, no additional or new compensation is provided for, and the contract is only for such sum as the payee would be obliged to expend in compelling the maker to perform his undertaking, the statute contains no inhibition upon the power of the parties to contract that the same shall be paid by the

party whose default occasions the necessity for the expenditure." Again: " Upon the question whether contracts of this nature are void as against public policy, this court as well as those of other States is also fully committed. . . . The right of the parties to thus contract has been expressly recognized, and when the contract has been for such reasonable attorney's fees only as would indemnify and preserve the payee from loss, and was due at the time of suit brought, this court has in every case sustained the plaintiff's right of recovery. Nor do we see anything in the section of the statute quoted that would change the rule." See also *Clawson* v. *Munson*, 55 Illinois, 394, 397; *Haldeman* v. *Mass. Mutual Life Ins. Co.*, 120 Illinois, 390, 393; *Telford* v. *Garrels*, 132 Illinois, 550, 555; *McIntire* v. *Yates*, 104 Illinois, 491, 503.

The only question of any difficulty is whether the fee stipulated was not excessive. But as the character and extent of the services performed by the plaintiff's attorney were best known to the court below, and in the absence of any evidence as to whether the fee was reasonable, considering the amount involved, and the nature of the services rendered, we are not prepared to reverse the decree because of the allowance to the plaintiff of an attorney's fee which does not exceed the highest sum fixed in the deed of trust.

We find no error in the decree to the prejudice of the appellants, and it is

*Affirmed.*