982

**VON ROSEN v. DEAN.**

No. 4952.

Court of Appeals of District of Columbia.

Argued May 6, 1930.

Decided June 2, 1930.

F. B. Rhodes and Cooper B. Rhodes, both of Washington, D. C., for appellant.

T. Morris Wampler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment on demurrer to a declaration which attempts to make a case for the recovery of usurious interest under sections 1180 and 1181 of the Code; and also under the Act of Congress of February 4, 1913, 37 Stat. 657, commonly called the Loan Shark Law.

It appears from the declaration that on the 6th day of June, 1927, the plaintiff purchased certain real estate, on which he assumed the payment of certain notes secured by a deed of trust. The unpaid balance on the notes at the time of the purchase amounted to $177,500. Shortly after the purchase, the amount was reduced to $175,000. On the 8th day of May, 1928, there became due and payable from plaintiff to the defendant interest on the indebtedness amounting to $6,-125. There was also due at that time a payment on the principal sum of $2,500, making a total of $8,625. For an extension of time or forbearance for payment for thirty days until June 7, 1928, plaintiff paid defendant the sum of $500. For a further extension of three days, defendant exacted from plaintiff the sum of $200. And, for a further extension and forbearance of ten days, plaintiff paid defendant the sum of $800. On June 1, 1928, plaintiff curtailed the indebtedness in the sum of $900; and, in order to secure an extension and forbearance until August 7th following, the plaintiff paid the further sum of $300. On August 7th, plaintiff made a further curtailment of the principal sum of $500; and, in order to secure a further extension and forbearance until August 20th, plaintiff paid the defendant the sum of $300. On August 20th, the indebtedness was further curtailed, leaving a balance of $6,725; and, to secure a further extension and forbearance of ten days, plaintiff paid defendant the sum of $200. On September 1st the indebtedness was reduced to the sum of $3,000; and, to secure a further extension and forbearance on the balance due for thirty days, or until October 1st, plaintiff paid the defendant the sum of $200. On October 1st, the principal indebtedness was reduced to a balance of $2,-000, on which plaintiff paid defendant, for

a further extension and forbearance until October 31st, the sum of $200, at which time the balance of the debt amounting to $2,000 was paid.

In addition to the foregoing amounts paid for extension and forbearance, plaintiff paid to defendant interest at the rate of 7 per cent. The amount thus paid as interest amounted to $211.32. The total sum above enumerated, as payments for extension. forbearance, and interest, amounted to $2,911.32.

It is alleged in the declaration "that all of the payments heretofore enumerated were made in forbearance of the payment of the debt, as aforesaid, and were demanded, exacted and accepted by the defendant under a threat of immediate foreclosure proceedings and the sale of plaintiff's property; that while said payments and said forbearance in the payment of the interest and curtailment, as aforesaid, were described as bonuses, they were, in fact, exactions of usurious interest and as such exactions of usurious interest were so knowingly accepted by the defendant."

Action for the recovery of usury paid is provided for in section 1181 of the Code, as follows: "If any person or corporation in the District shall directly or indirectly take or receive any greater amount of interest than is herein declared to be lawful, whether in advance or not, the person or corporation paying the same shall be entitled to sue for and recover the amount of the unlawful interest so paid from the person or corporation receiving the same, provided said suit be begun within one year from the date of such payment." It was held in Brown v. Slocum, 30 App. D. C. 576, 580, that the period of limitation runs, not from the time that usurious interest may have been deducted, but from the time the last payment was made on the debt on which usury was charged. It was held that "until that time the full amount of the deduction had not been paid by her. There could be no usurious interest collected until the appellee had paid the full amount she received, together with legal interest."

The Slocum Case is authority for the rule that commissions deducted in advance by the lender constituted usury under the law in force in the District of Columbia. It may be said that this case is authority for the rule that money exacted by the lender from the borrower for the use of money in excess of the legal rate allowed by statute is usury under whatever name or pretense the exaction, extension, or forbearance may be designated. While the amounts exacted, therefore, in the present case, may undoubtedly be regarded as coming within the provisions of the statute denouncing usury, we are of the opinion, under the foregoing averment of the declaration, that they were paid not merely as a forbearance or extension of time for the payment of the amount due on the full obligation, but to prevent foreclosure proceedings on the entire debt. This, we think, so attaches it to the original debt as to make the charge of usury applicable thereto rather than to the immediate payment that was then due. In this view of the case we agree with the court below that "the declaration must be held to be insufficient, if for no other reason, because an action to recover back usurious interest paid can only be maintained after the last payment on the debt has been made."

We also agree with the court below in holding that the Loan Shark Law can have no application to a case of this sort, since the act was intended to apply only to persons making small loans upon personal security, as shown by the fact that the amount of such loans is limited by the act to $200. As said by the court below: "It is apparent that Congress did not have in mind such transactions as are involved in the present case, in which a debt of $177,500.00 was secured by a first trust upon real estate, so that the payer of a small bonus for an extension in the payment of interest might recover one-fourth of the great principal sum as is undertaken to be done in this case. Such cases are plainly covered by the sections of the Code already referred to."

In Reagan v. District of Columbia, 41 App. D. C. 409, 412, this court, considering the Loan Shark Law, said: "This is not a usury statute as applied to the regulation of interest charges for the use of money in legitimate commercial transactions, but an act licensing, under limitations and restrictions, the loaning of money in small sums upon personal security."

The judgment is affirmed, with costs.