## ZIRKLE v. DALY.
### No. 5222.

Court of Appeals of District of Columbia.
Argued Nov. 5, 1931.
Decided Nov. 30, 1931.

P. H. Marshall, of Washington, D. C., for appellant.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District in an action by plaintiff (appellant here) against defendant (appellee here) to recover the balance claimed to be due on a promissory note for $3,500 secured by a second deed of trust, under which foreclosure proceedings had taken place and the net proceeds of the sale credited. No appearance was entered or brief filed by appellee.

Plaintiff claimed that he purchased this note at a discount of 25 per cent. The defendant contended that the transaction was a loan from plaintiff to defendant at a usurious rate of interest, in that the plaintiff had not advanced the sum represented by the face of the note but had deducted a commission for making the loan and also had required payment of interest upon the apparent principal at the rate of 7 per cent.; and that plaintiff had forfeited all interest, including the bonus or commission, and also one-fourth of the principal.

Over the objection and exception of the plaintiff, the court instructed the jury that if the transaction was a loan, the loan was usurious and plaintiff was not entitled to interest, but was entitled to recover any balance remaining unpaid after crediting all payments received by plaintiff, whether such payments were made on account of interest or on account of principal; that they should also deduct a sum equal to one-fourth of the money actually loaned, as forfeited to defendant under the provisions of the Act of February 4, 1913 (c. 26, § 5, 37 Stat. 657; sec. 25, c. 2, Tit. 17, D. C. Code), known as the "Loan Shark Law."

The jury found the transaction to have been a loan, and returned a verdict in accordance with the charge of the court.

The sole question here is as to the applicability of the Loan Shark Law.

Plaintiff introduced evidence tending to prove that he is a lawyer residing in the city of New York, and that he "occasionally makes investments in the purchase of second-trust notes secured upon real estate located in the city of Washington, District of Columbia." Aside from the finding of the jury that the transaction here involved was a loan, there was no contradiction of this evidence.

Assuming, therefore, that plaintiff, a nonresident, makes occasional loans on real estate in the District of Columbia, is he here engaged "in the business" of loaning money within the meaning of the loan shark law? We regard the question as foreclosed by our

decisions in Reagan v. District of Columbia, 41 App. D. C. 409; Chew v. District of Columbia, 42 App. D. C. 410; and Von Rosen v. Dean, 59 App. D. C. 359, 41 F.(2d) 982, 983.

The Von Rosen Case involved a transaction similar in character to that here being considered. The court said: "We also agree with the court below in holding that the Loan Shark Law can have no application to a case of this sort, since the act was intended to apply only to persons making small loans upon personal security, as shown by the fact that the amount of such loans is limited by the act to $200." The court further observed that it was apparent that Congress did not have in mind transactions in which a debt of many thousands of dollars was secured by a deed of trust upon real estate, "so that the payer of a small bonus for an extension in the payment of interest might recover one-fourth of the great principal sum," as was attempted to be done in that case. "Such cases," said the court, "are plainly covered by the sections of the Code already referred to." Sections 1180 and 1181, D. C. Code (1924); sections 3 and 4, Tit. 17, D. C. Code (1929).

It results that the judgment must be reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.