**ATLANTIC LIFE INS. CO. OF RICHMOND, VA., v. WOLF.**

**No. 526.**

Municipal Court of Appeals for the District of Columbia.

July 29, 1947.

---

[1] Code 1940, 45—1601 et seq.

Jaquelin A. Marshall, of Washington, D. C. (Douglas, Obear & Campbell, of Washington, D. C., on the brief), for appellant.

Jacob N. Halper, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

According to the undisputed facts, plaintiff Samuel Wolf, together with his wife and another, borrowed from defendant insurance company in May 1940 the sum of $32,000.. As evidence of the indebtedness they gave their promissory note in that amount, secured by a first deed of trust on real estate, providing for interest at the rate of 4½ percent per annum on the unpaid balance. Payment was required to be made in monthly installments of $244.80 beginning June 1, 1940 and running for fifteen years thereafter. Neither the note nor the deed of trust contained any provision permitting repayment before the specified date of maturity nor vested any right or option of acceleration in the borrowers.

In November 1944 appellee became the sole owner of the property covered by the deed of trust. In order to finance this transfer he negotiated with appellant through its broker and agent for an increase of the first trust loan to $40,000. Appellant was willing to make this larger loan if the value of the property justified it. It was also willing, if it did not make the increased loan and if appellee obtained it elsewhere, to permit him to prepay the entire amount outstanding on the loan. But it prescribed as conditions for accepting such prepayment that it be made in January 1945 together with a charge of 4½ percent of the outstanding balance (which was then $24,239.30). Appellee obtained the loan elsewhere and paid off appellant through a title company. Among other items included in the payment was the 4½ percent premium demanded by appellant amounting to $1,090.77. Claiming that the charge was usurious, Mr. Wolf brought this action.

The trial judge filed a memorandum in which he held that the premium charged for the privilege of prepayment was interest; that it was usurious and therefore in violation of the District of Columbia Code, § 28—2704. He ordered finding for the plaintiff for $1,127.12, which represents the amount of the prepayment charge plus $36.35 accrued interest on the principal. Defendant prosecutes this appeal.

We must decide (1) whether the premium or charge exacted of the plaintiff can be considered interest and (2) assuming that it was interest, whether the rate charged was in excess of that fixed by law.

 We think the payment of the premium or charge involved cannot be considered as interest. The note constituted a contract which provided for payment of the loan on specified terms over a period of fifteen years. Unlike many notes of this kind it contained no "on or before" provision and no other language reserving to the borrower any option or right to accelerate

payment. Therefore, neither borrower nor lender had the right to advance the maturity date. When the borrower, for reasons advantageous to him, sought to do so he was merely asking a privilige and not demanding a right. He was seeking to pay off a fifteen-year contract with all of its accompanying obligations for interest, in less than five years. The lender was within its rights in demanding compensation for that privilege.

The law gave the lender the right to expect performance of the loan agreement according to its terms, and the right to expect the agreed flow of payments, including interest, over the fifteen-year term of the loan. That right is not affected by debtor's election to pay the loan in advance of maturity. "A debtor cannot by his voluntary act render a transaction usurious which, but for such circumstance, would be entirely free from a claim of usury."[1] Such a transaction is the very reverse of a loan, an extension of credit or a forbearance. It puts an end to credit, instead of giving it.[2] Applying these principles we are forced to the conclusion that the transaction was not tainted by usury, and that it involved no taking of money for a loan or forbearance but merely a payment by the debtor before maturity for his own convenience. Among many cases supporting this view are Barringer v. Jefferson Standard Life Ins. Co., D.C., E.D.S.C., 9 F.Supp. 493; Webb v Southern Trust Co., 227 Ky. 79, 11 S.W.2d 988; Hamilton v. Kentucky Title Savings Bank & Trust Co., 159 Ky. 680, 167 S.W. 898, L.R.A. 1915B, 498. Appellee has cited no cases to the contrary. Von Rosen v. Dean, 59 App.D.C. 359, 41 F.2d 982, cited by the trial judge, is not applicable because it merely held that any charge above the legal rate is usurious, no matter what it is called. It did not deal with shortening the period of a loan; instead it involved charges for extensions of a loan.

But even if the law required a different view and even if the payment involved were considered as interest, it is plain as a matter of arithmetic that there was no usury in the transaction.

■ A loan transaction which would be free from usury if the loan were paid at the agreed maturity date is not rendered usurious by the borrower's voluntary repayment of the loan before maturity, even though, by reason of such repayment, the amount of interest received by the lender exceeds lawful interest computed to the day the loan is paid; provided, of course, that the total interest received by the lender does not exceed lawful interest computed to the maturity date stipulated in the loan contract.[3] Here it is undisputed that the loan was free from usury if it were paid at the agreed maturity.

■ During the time the borrower had the use of the money, the amount paid, aside from principal but including both the amount paid as interest and the extra payment of $1,127.12 was $7,115.22. During the same period, and giving credit for payments on account of principal, the amount chargeable at 8 percent (the legal interest rate in the District of Columbia on written contracts[4]) would have been approximately $11,400. It results that even including the amount of the extra payment the sum received by the lender was considerably less than the lawful maximum interest computed to the date the loan was paid. Furthermore, for the fifteen-year period during which the note was to have run the specified interest of 4½ percent would have totaled somewhat in excess of $12,000. If the extra payment of $1,127.12 is added to such interest, the total sum paid would slightly exceed $13,000. This amount would also be far less than the maximum statutory interest. Looked at from any standpoint, therefore, it is plain as a matter of arithmetic that there was no usury in this transaction.

Reversed.

---

[1] French v. Mortgage Guarantee Co., 16 Cal.2d 26, 104 P.2d 655, 659, 30 A.L.R. 67.

[2] Smithwick v. Whitley, 152 N.C. 366, 67 S.E. 914, 28 L.R.A.,N.S., 113, 20 Ann. Cas.1348.

[3] See cases collected at 130 A.L.R. 73 et seq.

[4] Code 1940, § 28—2702; Bowen v. Mt. Vernon Sav. Bank, 70 App.D.C. 273, 105 F.2d 796.