## HOLCOMBE v. O'SULLIVAN.
### No. 1279.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 17, 1952.

Decided Dec. 15, 1952.

Frederic Richmond, Washington, D. C., with whom Dan Piver, Washington, D. C., was on the brief, for appellant.

Dennis Collins, Washington, D. C., with whom Eugene F. Lane, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee-plaintiff sued for the balance allegedly due on a promissory note. Appellant-defendant denied owing anything, alleged that the note was usurious and counterclaimed for alleged usurious interest previously paid.

The note in suit was dated May 13, 1932, at Washington, D. C., and was in the face amount of $2,133, payable three years after date with interest at 6% per annum. Apparently plaintiff resides in Ireland and apparently defendant is a resident of the District of Columbia. Neither testified at the trial. Except for the note itself and two pieces of correspondence, the only evidence at the trial was the testimony of an attorney for the plaintiff. He testified that although the face amount of the note was $2,133 his client had stated that only $1,933 was advanced by her to defendant when the note was executed; that there was a $200 "bonus" in the note; that defendant had paid on account of the note $2,050 to plaintiff and $900 to the witness, a total of $2,950 on account of principal and interest. On the basis of these payments the witness calculated that there was a balance due of $587.50, taking $1,933, instead of the face amount of the note, as the amount of the loan.

On this testimony defendant moved for a directed verdict in her favor on both plaintiff's claim and the counterclaim. The motion was denied, defendant offered no evidence, and the case was submitted to the jury on interrogatories. On the basis of the answers to the interrogatories, verdict was entered for the plaintiff for $587.50. Defendant moved to set aside the verdict and enter judgment in accordance with her motion for directed verdict. The court denied the motion and this appeal followed.

■ Our Code provides: "If any person or corporation shall contract in the District, verbally, to pay a greater rate of interest than six per centum per annum, or shall contract, in writing, to pay a greater rate than eight per centum per annum, the creditor shall forfeit the whole of the interest so contracted to be received * * *." Code 1951, § 28–2703. The statute may be violated by deducting a commission in advance as well as by any other means by which money in excess of the legal rate is exacted.[1]

■ On plaintiff's evidence—the only evidence in the case—we think it was incumbent on the trial court to rule as a matter of law that the note was usurious. Our statute is directed at the contract to receive, rather than the actual receipt of, illegal interest.[2] Plaintiff contracted to receive $2,133 with interest at 6%. Through her attorney and witness she admitted that she advanced to defendant only $1,933. Simple calculation demonstrates that payment of the note and interest in accordance with its terms would exceed the amount actually advanced with interest thereon at the highest rate permissible. It may be that taking a note for a sum greater than that actually advanced is not conclusive evidence of usury, but in the absence of any explanation of the discrepancy we see no escape from the conclusion that this transaction was usurious.[3] The only explanation in the record is the witness' answer "yes" to the question on cross-examination: "In other words, there was a $200 bonus involved in the note?" The inclusion of a bonus clearly counts as interest for the purpose of the usury law.[4]

■ Plaintiff argues that the burden of proving usury was on defendant and we have so held.[5] However it was unnecessary for defendant to prove that which plaintiff's own evidence established. Plaintiff also raises the question that the loan may have been made when both parties

1. Hartman v. Lubar, D.C.Mun.App., 49 A.2d 553.

2. "It is the agreement, and not necessarily its performance, which renders the debt usurious." Fred G. Clark Co. v. E. C. Warner Co., 188 Minn. 277, 289, 247 N. W. 225, 229.

3. Bochicchio v. Petrocelli, 126 Conn. 336, 11 A.2d 356, 127 A.L.R. 457.

4. Bowen v. Mount Vernon Sav. Bank, 70 App.D.C. 273, 105 F.2d 796.

5. District of Columbia v. Hamilton Nat. Bank, D.C.Mun.App., 76 A.2d 60.

were in Ireland. There is no evidence in the record that defendant was ever in Ireland. The note is dated at Washington, D. C., and the place of payment is blank. In the absence of evidence to the contrary, the presumption is that the note was made in the District and was payable at the place of making and it therefore is subject to the District of Columbia usury law.[6]

Code Section 28–2705 provides that in any action on a usurious contract "payments of interest that may have been made on account of said contract shall be deemed and taken to be payments made on account of the principal debt, * * *." It follows that plaintiff, having advanced $1,933 and having received payments totaling $2,950, was entitled to recover nothing and a verdict should have been directed in favor of defendant on plaintiff's claim.

With respect to defendant's counterclaim, it is provided by Code Section 28–2704 that usurious interest paid may be recovered by the party who paid it, provided suit therefor be begun within one year from the date of such payment. It is conceded that within one year of the filing of defendant's counterclaim she had paid to plaintiff's attorney for plaintiff's account the sum of $900. Therefore the trial court should have directed a verdict for defendant on her counterclaim for such sum.

Reversed with instructions to enter judgment for the defendant on plaintiff's claim, and judgment for the defendant on the counterclaim in the sum of $900.

6. Folsom v. Continental Adjustment Corporation, 48 Ga.App. 435, 172 S.E. 833; Beadall v. Moore, 199 App.Div. 531, 191 N.Y.S. 826; Sterrett v. Stoddard Lumber Co., 150 Or. 491, 46 P.2d 1023.