**INDUSTRIAL BANK OF WASHINGTON, Inc., et al., Appellants,**

v.

**Viola PAGE, Appellee.**

**No. 13989.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 15, 1957.

Decided Nov. 7, 1957.

Petition for Rehearing Denied
Dec. 20, 1957.

Messrs. James A. Cobb and George E. C. Hayes, Washington, D. C., with whom Mr. John A. Shorter, Jr., Washington, D. C., was on the brief, for appellants.

Mr. Andrew W. Carroll, Washington, D. C., for appellee.

Before PRETTYMAN, WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, *Circuit Judge.*

Appellee, the owner of certain real estate in the District of Columbia, sought a loan of $8,000.00 from the appellant bank, to be secured on her property. The bank approved the application for the loan. It does not appear clearly

whether or not the application and approval were in writing. The loan was to be evidenced by a note secured by a first deed of trust on the property, the note to bear six per cent interest. Thereafter, the appellant bank forwarded a letter of instructions to the title company, and included in the letter of instructions were the note and a check for $8,000.00. The letter advised the title company of certain charges in connection with the loan, including an item of $80.00 for commission to the bank.

At the settlement at the title company, appellee executed the note and trust, and a settlement sheet was prepared by the title company showing the distribution of the proceeds of the loan and the various charges against it, which included the $80.00 item for commission. This settlement sheet was signed as approved by the appellee and a check for $80.00 was forwarded to the bank for the commission. Several years thereafter appellee filed suit in the District Court asking that the court declare the transaction usurious because, it was contended, the $80.00 was in the nature of interest and, when so considered and added to the six per cent provided for in the note, exceeded six per cent interest.

Appellee's contention in the District Court and here is that by § 28–2702, D.C. Code 1951, the transaction was usurious, and that the interest should be forfeited under § 28–2703. Those sections read as follows:

"§ 28–2702. *Rate of interest— Express contracts.* The parties to a bond, bill, promissory note, or other instrument of writing for the payment of money at any future time may contract therein for the payment of interest on the principal amount thereof at any rate not exceeding eight per centum per annum."

"§ 28–2703. *Usury—Definition.* If any person or corporation shall contract in the District, verbally, to pay a greater rate of interest than six per centum per annum, or shall contract, in writing, to pay a greater rate than eight per centum, per annum, the creditor shall forfeit the whole of the interest so contracted to be received: *Provided,* That nothing in this chapter contained shall be held to repeal or affect sections 26–601 to 26–611."

■■ Appellee claims that, the $80.00 being in the nature of interest and there being no contract in writing to pay more than six per cent, the loan is usurious because the interest exceeds six per cent per annum, and that the interest is therefore forfeit. The District Court so held, and the bank has appealed.

There can be no doubt that a commission or bonus paid to the same person who is entitled to the interest is to be considered as additional interest;[1] so that, at least for the first year, the actual interest received by the bank exceeded six per cent. However, there can be no doubt that § 28–2702 is simply a permissive section and certainly contains no penal provisions. It must be § 28–2703, the penal provision, upon which appellee must rely, and under that section the burden is upon appellee to show that the contract was usurious. This burden she has not carried.

■ It seems to us that the contract between the parties was in fact in writing. Assuming that appellee's application for the loan and its acceptance were oral, nevertheless, by the letter of instructions to the title company, it is clear that the appellant bank was offering to make the loan at six per cent with one per cent commission. It is further clear that the consent to this contract was obtained when appellee signed the note and in writing approved the settlement sheet containing the item of $80.00 which gave rise to this litigation. Thus the provision for six per cent interest was in writing in the note itself, and the agreement for the one per cent commis-

---

1. See Bowen v. Mount Vernon Sav. Bank, 70 App.D.C. 273, 105 F.2d 796; Von Rosen v. Dean, 59 App.D.C. 359, 41 F.2d 982; Brown v. Slocum, 30 App.D.C. 576.

sion was in writing. This we think brings the contract within the eight per cent provision of the statute.

Appellee relies heavily upon the case of Mollohan v. Masters, 45 App.D.C. 414, but this case gives her no comfort. There there was a dispute as to the terms of a contract and the court held that a written statement made at the title company, which was signed on a false inducement or representation, was not a contract or a modification of the original contract. In the instant case there was no false representation made and the written statement was voluntarily approved, carrying out the intention of the parties.

We need not pass upon the question of whether or not, had there been nothing in writing as to commission, the loan would have called for usurious interest.

Reversed, with directions to enter judgment for appellants.