**Mary Lue PHILLIPS, Appellant,**

v.

**A & C ADJUSTERS, INC., Appellee.**

No. 3716.

District of Columbia Court of Appeals.

Argued July 6, 1965.

Decided Oct. 7, 1965.

M. Michael Cramer, Washington, D. C., with whom H. Thomas Sisk, Washington, D. C., was on the brief, for appellant.

Bernard T. Levin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

In 1960 appellant purchased an automobile for a total price of $3,917.52, making a down payment of $500 and executing a conditional sale contract for the balance which was payable in 36 monthly instalments. The seller immediately assigned the contract to a finance company. When appellant failed to make the first two monthly payments, the finance company repossessed and resold the automobile, with a resulting deficiency of $989.37. More than three years later this action was brought by the assignee of the finance company for the deficiency. Appellant pleaded the Statute of Limitations.

If the contract is a simple contract, the limitation is three years and the action is barred; if it is an instrument under seal, the limitation is twelve years and the action is not barred.[1] There is no recitation in the contract that it is signed and sealed by appellant, and no indication in the body of the contract that it is intended to be a sealed instrument. However, after appellant's signature, there is the printed word "(Seal)".

In the light of Wells v. Alropa Corporation, 65 App.D.C. 281, 82 F.2d 887 (1936),

1. D.C.Code 1961, § 12–301 (Supp. IV, 1965).

we must hold that the contract was a sealed instrument and that the twelve-year limitation is applicable. We do so somewhat reluctantly. The contract required no seal and the addition of the seal added nothing to its validity. Its only purpose was to effect an extension of the Statute of Limitations from three to twelve years, and we think it may fairly be assumed that appellant was totally ignorant of the meaning or purpose of the seal. To paraphase the words of the late Judge Clagett in Creighton v. Brown, D.C.Mun.App., 77 A.2d 559, 561 (1950), we think it an anchronism that the statutory limitation is here multiplied fourfold simply because appellant signed her name on a line in which the word seal had already been printed. We are gratified that the Uniform Commercial Code, effective in this jurisdiction since January 1, 1965, provides:

> The affixing of a seal to a writing evidencing a contract for sale or an offer to buy or sell goods does not constitute the writing a sealed instrument and the law with respect to sealed instruments does not apply to such a contract or offer.[2]

Appellant argues that if the contract is a sealed instrument appellee cannot sue upon it because not a party to it. The cases cited in support of this argument deal with the rights of third party beneficiaries and have no application to the right of an assignee.

Affirmed.

---

2. D.C.Code 1961, § 28:2–203 (Supp. IV, 1965).