**MONTGOMERY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**Eric BAER and Meyer Morse, Appellees.**

No. 6796.

District of Columbia Court of Appeals.

Argued April 26, 1973.

Decided Aug. 10, 1973.

---

William H. Brain, Kensington, Md., for appellant.

Leonard C. Collins, Washington, D.C., for appellees.

David S. Scrivener and Marshall P. Johnson, Washington D.C., were on the brief for the Metropolitan Washington Savings and Loan League, Inc., amicus curiae.

Paul E. McGraw, Daniel J. Goldberg, Harold B. Shore, and Harvey Simon, Washington, D.C., were on the brief for the Federal Home Loan Bank Board, amicus curiae.

Marilyn Fisher and Norman C. Barnett, Washington, D. C., were on the brief for Wilbur B. Anderson, et al., amicus curiae.

Before KERN, GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant as the lender of $10,000 secured by a first trust on property in the District of Columbia, brought suit in Superior Court against the makers of the note (appellees) to recover a deficiency of $3,166 remaining after a foreclosure proceeding. This appeal is from the trial court decision which held that "points"[1] charged by a mortgage lender must be added to the interest charge for the year in which such fee is collected (rather than being prorated over the term of the loan) in order to determine if the rate is excessive; and if the resultant total interest charge for that year exceeds 8 percent the transaction is usurious.[2] The appellees failed to pursue at trial the other defenses raised in their answer other than the defense of usury and it was stipulated by the parties that the issue would be resolved upon the answers to interrogatories and the cross motions for summary judgment.

The facts found by the trial court and agreed upon by counsel are as follows. On April 28, 1966, a $10,000 conventional, fully-amortized loan was made to appellees by appellant (hereafter Montgomery), a federally chartered savings and loan association doing business in Maryland.[3] The loan was evidenced by appellees' promissory note, secured by a first deed of trust on certain real property in the District of Columbia. In signing it the appellees agreed to repay the $10,000 loan with interest at the rate of 6½ percent per annum in equal monthly installments of $75, plus taxes and insurance, until paid.[4] Four "points" ($400) were deducted from the principal amount loaned as a "loan placement fee", hence the amount of money actually loaned to the appellees when they signed the note was $9,600, less minor sums for such items as appraisal and notary fees.[5] Appellees resold the property 30 days later and the purchasers assumed the mortgage with appellees taking back a second trust.

After the loan was in effect some 5 years, the appellees and their successors (the purchasers) defaulted thereon and Montgomery foreclosed obtaining a judgment for $9,281. The property was sold after foreclosure for $6,600 ($484.52 in foreclosure costs were incurred), leaving a deficiency of $3,166.

When Montgomery brought suit to recover the deficiency the appellees raised the defense[6] that the transaction was usu-

---

1. Point "denotes a fee or charge equal to one per cent (1%) of the principal amount of the loan which is collected by the lender at the time the loan is made." B. F. Saul Co. v. West End Park North, Inc., 250 Md. 707, 246 A.2d 591, 595 (1968). For other definitions of points, see J. Cooper, A Study of Usury Laws in the United States to Consider Their Affect on Mortgage Credit and Home Construction Starts: A Proposal for Change, 1970 Am.Bus.L.J. 165, 173; A. Brimmer, Statutory Interest Rate Ceilings vis-a-vis The Availability of Mortgage Funds, The Mortgage Banker, Vol. 28, No. 11, Aug. 1968, at 14, 19.

2. D.C.Code 1972 Supp., § 28-3303(2).

3. Appellees reside in the District of Columbia.

4. 236 months according to mortgage payment tables.

5. Appellees did not raise the question of the effect of these other deductions and the trial court did not rule as to their effect. Consequently, we do not address ourselves to that problem.

6. There is no statute of limitations on raising usury as a defense to a suit based on the usurious transaction, although D.C.Code 1967, § 28-3304 limits the time within which one may bring suit to recover the amount of unlawful interest to one year from the date of pay-

rious under District of Columbia law in that the "points" charged were interest, and that these "points" raised the interest rate *for the first year* of the loan to 10½ percent, in violation of the 8 percent per annum maximum interest rate allowable in the District of Columbia.[7] While Montgomery conceded that the "loan placement fee" was an interest charge,[8] it argued that nevertheless its loan was not usurious even with this extra charge since in computing the rate the "points" charged must be prorated over the full term of the loan[9] making the effective rate of interest for the loan only 6.97 percent per annum.

On cross motions for summary judgment the court ruled in favor of appellees declaring that the loan was usurious and that the interest paid thereon was forfeited.[10] The total of the forfeited interest ($3,600) being greater than the deficiency ($3,166), the court therefore held that the obligation of the appellees "is completely discharged." For reasons that appear hereinafter, we reverse.

■■■ Prerequisite to deciding the foregoing issue, we must determine whether the law of the District of Columbia or Maryland governs. In the instant case the parties expressed no intent in the contract with respect to which jurisdiction's laws would control. Neither the loan commitment, the note, nor the contract indicate where payments were to be made. We know only that the lender, Montgomery, is a federally chartered savings and loan association doing business in Maryland, whereas the borrowers are residents of the District of Columbia, which is the situs of the property as well, and that settlement took place in the District of Columbia. The record is devoid of other evidence as to the place of making or the place of performance of the contract. At trial, counsel for both parties agreed that the law of the District of Columbia should apply and neither party has questioned that stipulation on appeal. While such an agreement as to choice of law is not controlling on this court, we find nothing in the record to indicate a contrary result is called for. Under these circumstances we presume that the parties anticipated that the law of the District of Columbia, the forum, would be applied.[11]

This leaves for this court's determination the issue raised by appellant as to the

---

ment of the usurious interest. Hill v. Hawes, 79 U.S.App.D.C. 168, 170, 144 F.2d 511, 513 (1944).

7. D.C.Code 1972 Supp., § 28–3301.

8. Industrial Bank of Washington v. Page, 102 U.S.App.D.C. 33, 249 F.2d 938 (1957); Kidwell v. White, 44 App.D.C. 600 (1916).

9. The method employed by Montgomery in determining that the effective rate of interest was 6.97 percent was as follows:

| | | | |
|---|---|---|---|
| rate of interest charged | .065 | x $10,000= | $650 |
| loan placement fee | 1/20 | x 400= | 20 |
| | | | $670 |

actual amount loaned = $9,600

effective rate of interest (670÷9600) x (100) = 6.97%.

   Note, this method varies somewhat from the method authorized by Maryland. See B. F. Saul Co. v. West End Park North, Inc., *supra* 246 A.2d at 597.

---

10. D.C.Code 1972 Supp., § 28–3303.

11. Young v. State Farm Mutual Automobile Ins. Co., D.C.App., 213 A.2d 890 (1965); Jannenga v. Nationwide Life Ins. Co., 109 U.S.App.D.C. 385, 288 F. 2d 169 (1961). See also Bettum v. Montgomery Federal Sav. & Loan Ass'n, 277 A.2d 600 (Md.1971).

proper treatment, for purposes of the usury statute,[12] of a fee attributable to interest which is deducted at the inception from the face of a long-term, interest-bearing loan repayable in equal monthly installments.

The interest rate on written contracts is regulated by D.C.Code 1972 Supp., §§ 28–3301 and 3303, which, in pertinent part, read as follows:

§ 28–3301. Rate of Interest expressed in contract.

. . . the parties to an instrument in writing for the payment of money at a future time may contract therein for the payment of interest *on the principal amount* thereof at a *rate* not exceeding 8 *percent per annum*. (Emphasis added.)

§ 28–3303. Usury defined.

If a person or corporation contracts in the District,

. . . . . .

(2) in writing, to pay a greater rate than is permitted under section 28–3301 . . . the creditor shall forfeit the whole of the interest so contracted to be received.

The trial court held that the collection of interest in an amount equal to 10½ percent[13] of the principal during the first year of a long-term loan violated the above statute and therefore subjected the lender to the penalty of usury of forfeiture of all of the interest paid. Implicit in this holding is the assumption that the statutory phrase "not exceeding 8 percent per annum" limits the amount of interest which may be properly collected *in any one year* rather than indicating the maximum rate of interest chargeable for the term of the loan.

We believe that the trial court's interpretation misconstrues the statutory language and results in an erroneous application of the usury statute. That law does not read that the rate cannot exceed 8 percent annually or 8 percent for any one year, but it states it shall not exceed 8 percent "per annum". As the Missouri Supreme Court succinctly said in First National Bank v. Kirby, 175 S.W. 926, 929 (Mo., 1915), "[t]he words '*per annum*' . . . designate *rate of interest*, while the word '*annually*' . . . indicate[s] the time of payment." (Emphasis added.) Thus, the phrase "8 percent per annum" in section 28–3301 relates to the rate of interest and rate alone. It has no bearing on the time of payment, as to which the statute is simply silent. A review of usury cases decided in this jurisdiction, and elsewhere,[14] convinces us that this is the correct interpretation of the statutory language.

The courts of this jurisdiction have not decided the precise question in issue here but have had occasion to consider several usury cases involving the charging of a fee in addition to, or in lieu of, interest specified in the contract.[15] None of the decisions in this jurisdiction have indicated anything inconsistent with the view of the majority of jurisdictions which have held arrangements such as we have here not to be usurious. In no instance have our courts found that the collection in one year, on a multi-year loan, of an amount of interest greater than that which would have resulted from charging the maximum legal

12. D.C.Code 1972 Supp., § 28–3301 et seq.

13. *See* note 5 and accompanying text.

14. *See* Annot., 57 A.L.R.2d 630, 651–54 (1958) ; 45 Am.Jur.2d Interest and Usury § 174 (1969).

15. Industrial Bank of Washington v. Page, *supra*; Holcombe v. O'Sullivan, D.C. Mun.App., 93 A.2d 96 (1952) ; Searl v. Earll, D.C.Mun.App., 62 A.2d 374 (1948) ; Hartman v. Lubar, D.C.Mun. App., 49 A.2d 553 (1946) ; Hill v. Hawes, *supra*; Knott v. Jackson, D.C. Mun.App., 31 A.2d 662 (1942) ; Bowen v. Mount Vernon Sav. Bank, 70 App. D.C. 273, 105 F.2d 796 (1939) ; Von Rosen v. Dean, 59 App.D.C. 359, 41 F.2d 982 (1930) ; Brown v. Slocum, *supra*; Richards v. Bippus, 18 App.D.C. 293 (1901).

rate for that one year alone, in and of itself rendered the loan usurious. The cases have hinged on whether the interest specified in the note plus any interest charges withheld or otherwise collected, equalled an amount greater than that which would have been collected had the maximum lawful rate been charged over the entire period of the loan on the amount actually loaned.[16] This test has been explicitly delineated as the proper method for determining whether a loan contract is usurious in both Atlantic Life Ins. Co. of Richmond v. Wolf, D.C.Mun.App., 54 A.2d 641, 643 (1947) and Holcombe v. O'Sullivan, D.C. Mun.App., 93 A.2d 96, 97 (1952).

While it is the generally accepted rule that "points" are considered as interest, it appears that every court in other jurisdictions which has decided the question we have before us has held that "points" should be prorated or apportioned over the entire term of a loan in determining if the rate of interest is usurious.[17] Three states, Oregon, Tennessee and Virginia have statutes to the same effect.[18] The courts of the remaining states to our knowledge either have not directly faced the proration issue, or they have no usury laws, or have exempted savings and loan associations from their usury statutes.

Before any of the cases cited in note 17 had been decided, the Supreme Court had held in Fowler v. Equitable Trust Co., 141 U.S. 411, 12 S.Ct. 8, 35 L.Ed. 794 (1891) that it is the total amount of interest collectible over the life of the loan that determines whether it is usurious or not. Ruling that a five-year, $10,000 loan extended at 9 percent per annum was not rendered usurious by the addition of a single payment $150 commission, Justice Harlan stated:

> The payment of $150 . . . commission, did not make that contract usurious; for, if that sum be added to the 9 per cent. interest stipulated to be paid, the total amount of interest exacted would be less than 10 per cent., the highest rate allowed by law. . . .[19]

A simple computation reveals that adding the $150 commission to the interest paid that year would total $1,050 making the total interest paid for that particular year 10½ percent, a usurious rate. The Supreme Court instead computed the rate

16. Industrial Bank of Washington v. Page, *supra*; Holcombe v. O'Sullivan, *supra*; Searl v. Earll, *supra*; Atlantic Life Ins. Co. of Richmond v. Wolf, D.C.Mun.App., 54 A.2d 641 (1947); Hill v. Hawes, *supra*; Bowen v. Mount Vernon Sav. Bank, *supra*.

17. Altherr v. Wilshire Mortgage Corp., 104 Ariz. 59, 448 P.2d 859 (1968); Penzner v. Foster, 170 Cal.App.2d 106, 338 P.2d 533 (1959); Manchester Realty Co. v. Kanehl, 130 Conn. 552, 36 A.2d 114 (1944); State v. Bankers Finance Corp., 2 Terry 566, 26 A.2d 220 (Del. Ct.Gen.Sess.1942); Smith v. Midcoast Inv. Co., 127 Fla. 455, 173 So. 348 (1937); Eagle Rock Corp. v. Idamont Hotel Co., 59 Idaho 413, 85 P.2d 242 (1938); Council v. Bernard, 319 Ill. 392, 150 N.E. 272 (1925); Pennsylvania Mut. Life Ins. Co. v. Orr, 217 Iowa 1022, 252 N.W. 745 (1934); B. F. Saul Co. v. West End Park North, Inc., *supra*; Western Sec. Co. v. Naughton, 124 Neb. 702, 248 N.W. 56 (1933); Home Sav. & Loan Ass'n v. Bates, 76 N.M. 660, 417 P.2d 798 (1966); Redmond v. Ninth Fed. Sav. & Loan Ass'n, 147 N.Y.S.2d 702 (Sup., 1955); Hollamon v. First State Bank of Stroud, 389 P.2d 352 (Okla.1963); Griffin v. B & W Finance Co., 389 S.W.2d 350 (Tex.Civ.App. 1965); Seattle Trust Co. v. Morgan, 167 Wash. 567, 9 P.2d 1079 (1932).

18. The Federal Reserve Board also required proration of "points" for the purpose of determining the "Annual Percentage Rate of Interest" (12 C.F.R. § 226.813 (Example II)) which must be disclosed to the borrower under the provisions of the Truth-in-Lending Act, 15 U.S.C. 1601 et seq. The governing regulation recognizes that the "points" charge raises the effective interest rate for the entire term of the loan, rather than increasing the interest rate only as to the first year.

19. 141 U.S. at 413, 12 S.Ct. at 9.

by adding the commission to the total interest paid over the entire period of the loan. Finding this to result in a rate less than 10 percent, the Court held it not a usurious loan.

 We agree with the foregoing authorities that a loan placement fee should relate to the whole loan for the entire period it is outstanding and is not attributable to interest in any single year. The payment of points by the borrower although paid in full the first year is in consideration of the lender making the full loan for the entire term and the borrower does not pay such a fee for the privilege of having the use of the money for only one year.

In every usury case decided in this jurisdiction since *Fowler* the court has looked to the *total* amount of interest exacted over the full period of the loan, not the amount collected in any one year.[20] The one refinement made since then was in the method of calculating the maximum interest chargeable. Instead of using the principal as specified in the note and calculating interest at the highest rate permissible thereon, the amount of money actually loaned is used as the principal sum.[21] Such method of computation does not change the result in this case.

Although the Code[22] authorizes suit by one who has been charged usurious interest to recover the interest payments made, we do not believe the appellees here could have maintained suit at the end of the first year for the recovery of usurious interest paid. We hold that a loan is usurious only if the total interest exacted exceeds that which would have been collected had the maximum lawful rate of interest been charged over the entire period of the loan. Since the $400 in points, charged as a loan placement fee, added to the 6½ percent rate of interest specified in the contract does not raise the total interest collectible for the term of the loan above the amount which legally could have been collected,[23] the loan is not usurious and the trial court erred in so holding.

Reversed with instructions to enter judgment for appellant on its motion for summary judgment and for further proceedings not inconsistent with this opinion.

So ordered.

---

20. *See* cases listed in note 15, *supra*.

21. Holcombe v. O'Sullivan, *supra* 93 A.2d at 97.

22. D.C.Code 1967, § 28–3304.

23. Eight percent on $9,600 for the term of the loan.