Robert Lee RAMEY, Appellant,

v.

Joseph J. BURRASCANO, Appellee.

No. 7858.

District of Columbia Court of Appeals.

Argued April 23, 1974.

Decided Aug. 20, 1974.

Robert L. Polk, Washington, D.C., for appellant. Richard A. Michael and Robert Sheriffs Moss, Washington, D.C., also entered appearances for appellant.

Andrew D. Vozeolas, Washington, D.C., with whom Benjamin F. Rossner, Washington, D.C., was on the brief, for appellee.

Before REILLY, Chief Judge, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

The parties to this appeal executed and exchanged promissory notes in August 1965 payable by each to the other. The exchange was at appellant's suggestion as an accommodation to him[1] and upon the promise that he would not negotiate appellee's note but ultimately return it. Appellant did in fact negotiate appellee's note, resulting in a judgment being entered in favor of the holder in due course against appellee for the amount of his note plus interest. Appellee now brings action on appellant's note and the trial court, finding the note valid and the action not barred by the statute of limitations, entered judgment for appellee.

Appellant argues that the three year statute of limitations on simple contracts barred the action, but the note in question was under seal and therefore the period of limitation is 12 years. Phillips v. A & C Adjusters, Inc., D.C.App., 213 A.2d 586 (1965).

Appellant, citing Holcombe v. O'Sullivan, D.C.Mun.App., 93 A.2d 96 (1952), contends that because of the note in question was imprinted with the name of a Virginia bank it must be presumed to have been executed in Virginia and the law of that jurisdiction should apply. Pursuant to that law, he argues, the instrument must be deemed *not* under seal and

---

1. The notes were under seal, in the amount of $15,000, and of nine months duration, although Ramey's note came due several days prior to that of Burrascano.

invalid for lack of consideration.[2] However, in *Holcombe* the *only* evidence as to the place of execution of the note was the writing on the note itself. Here, there is evidence *other than* the printing on the note (R. at 9–10) which overcomes the inference that the instrument was executed in Virginia, and supports the court's finding of its validity.

Affirmed.

2. Compare D.C.Code 1973, §§ 28:3–302 and 28:3–303(c); 28:3–306(c). These statutory provisions under the circumstances here would preclude Ramey from asserting the defense of want of consideration.