FEDERAL DEPOSIT INSURANCE CORPORATION v KRAMER

Docket No. 44094. Submitted June 4, 1980, at Detroit.—Decided
October 7, 1980.

The Federal Deposit Insurance Corporation, as receiver of Bir-
mingham-Bloomfield Bank, recovered a judgment on a promis-
sory note against Hyman A. Kramer, Bernice Kramer, Reva
Jacob and Josephine Mellen, Oakland Circuit Court, Richard D.
Kuhn, J. Defendants appeal, alleging that the plaintiff must
forfeit all interest due on the note because various fees paid
constitute hidden interest which, when added to the interest
called for by the note, resulted in an interest rate which is
usurious. *Held:*

1. A commitment fee which bound the lender to make the
loan when it was later applied for was a separate transaction
from the loan and was not hidden interest.

2. Interest which would have been earned if certain escrowed
funds had been placed in interest-bearing accounts is not
hidden interest. There is no requirement that the lender place
the escrowed funds in interest-bearing accounts.

3. Fees which were found to be hidden interest were properly
spread over the term of the loan by the trial court in its
determination that the interest rate was not usurious.

Affirmed.

1. INTEREST — COMMITMENT FEES — SEPARATE TRANSACTION.

A commitment fee paid to a lender in exchange for which the
lender binds itself to make a loan if it is applied for is a
separate transaction from the loan itself and does not consti-
tute hidden interest on the loan.

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Interest and Usury §§ 206-209.
  Usury: charging borrower for or with expense or trouble of procur-
  ing money loaned. 91 ALR2d 1389.
[2] 10 Am Jur 2d, Banks § 692.
  45 Am Jur 2d, Interest and Usury § 117.
[3] 10 Am Jur 2d, Banks § 692.

2. INTEREST — ESCROWED FUNDS — HIDDEN INTEREST.

    There is no statutory or common law requirement that a mortgage lender must place escrowed monies in interest-bearing accounts; therefore, amounts which would have been earned in interest if escrowed funds had been placed in interest-bearing accounts are not hidden interest on the underlying loan.

3. INTEREST — HIDDEN INTEREST — USURY.

    Hidden interest should be spread over the term of a loan when determining whether the interest rate on the loan is usurious.

*Patterson & Patterson, Whitfield, Manikoff, Ternan & White* (by *Gretel S. Robinson*), for plaintiff.

*Kramer, Mellen, Wagner & Ishbia, P.C.* (by *Donald A. Wagner* and *Douglas J. Golden*), for defendants.

Before: R. M. MAHER, P.J., and BRONSON and T. C. QUINN,* JJ.

T. C. QUINN, J. Plaintiff recovered a judgment in the amount of $68,185.79 on a promissory note. When executed August 21, 1967, the amount of the note was $110,000. Payments made through June 1, 1976, reduced the amount due to $58,772.75. The judgment entered includes interest accumulated to date of trial. Defendants appeal.

The defendants admit that the balance due on the face of the note is $58,772.75, but claim that only $4,311 is actually due because plaintiff must forfeit all interest due on the note. The defendants contend that a $1,100 commitment fee, paid July 28, 1967, a $50 escrow fee, a $550 service charge and a hidden charge of approximately $850 which defendant derived by calculating the interest that could have been paid on escrowed tax payments, constitutes hidden interest. Defendants contend

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

that when this interest is added to the 6-3/4% interest called for by the note, the 7% statutory maximum limit is exceeded resulting in usury and that the statute mandates forfeiture of all interest. MCL 438.31; MSA 19.15(1).

The trial court found that the $50 escrow fee and the $550 service charge constituted hidden interest. It also found that the commitment fee and unpaid interest of $850 did not constitute hidden interest. The trial court calculated the interest called for by the note, added to it the $600 calculated to be hidden interest spread over the life of the note and held that the interest paid did not exceed the 7% statutory limit.

The commitment fee was paid more than three weeks prior to the loan. In consideration of that fee, the lender bound itself for 115 days to loan to the defendants $110,000 at 6-3/4% interest if defendants applied therefor. Defendants were not bound to apply for the loan. The trial court properly held that this was a separate transaction distinct from the loan, and that for $1,100 defendants purchased the right to secure a loan if they so chose.

The trial court found no statutory or common law authority that required plaintiff to deposit escrowed monies in interest bearing accounts. Our search has revealed none. The parties agreed in the mortgage that the tax escrow account would be a "non-interest bearing account". The trial court correctly held that the $850 was not hidden interest.

We also agree that hidden interest should be spread over the term of the loan in determining if the interest rate is usurious. *Montgomery Federal Savings & Loan Ass'n v Baer,* 308 A2d 768 (CA DC, 1973).

Affirmed. Costs to plaintiff.