James A. REIDY, et al., Plaintiffs,

v.

MERITOR SAVINGS, F.S.B., et al., Defendants.

Civ. A. No. 88–1307–LFO.

United States District Court, District of Columbia.

Jan. 27, 1989.

Berger Kapetan Malakoff & Meyers, P.C. by Michael P. Malakoff, Pittsburgh, Pa., McNally and Kurz, by John McNally, Washington, D.C., for the Representative and Class plaintiffs.

Robert H. Loeffler, G. Brian Busey, Coeta J. Chambers, Morrison & Foerster, Washington, D.C., for defendant Meritor Savings, F.A.

C. Lamar Garren, Piper & Marbury, Baltimore, Md., Richard R. Stone, Paul P. Andrews, Piper & Marbury, Washington, D.C., for defendant First Nat. Bank of Maryland.

King & Nordlinger by Michael C. Blackstone, Francis H. Young, Washington, D.C., for defendant, Weaver Bros., Inc.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiffs filed a complaint on May 13, 1988, on behalf of themselves and all others similarly situated, claiming violations of 18 U.S.C. § 1962(a) & (c) in connection with the payment of two or more "points" on mortgage loans on property in the District of Columbia. Defendant First National Bank of Maryland answered on July 11, 1988, and plaintiffs attempted to amend their complaint on July 12, 1988, to eliminate Counts II, IV, and VI. Because an answer had already been filed and plaintiffs filed no motion for leave to file an Amended Complaint, the Amended Complaint was not filed by the Clerk of the Court. Nevertheless, because defendants will in no way be prejudiced by the filing of the Amended Complaint, leave to file will be granted.

On July 11, 1988, defendants Weaver Brothers, Inc. and Meritor Savings, F.A. filed motions to dismiss pursuant to Fed.R. Civ.P. 12(b)(6). Plaintiffs have opposed the motion, and both defendants have replied. Because the Amended Complaint fails to state a cause of action upon which relief can be granted, the accompanying Order will grant defendants' motions to dismiss.

The Amended Complaint alleges that named plaintiffs James A. Reidy and Harlow R. Case paid a $8,365.00 loan origi-

nation fee on a $239,000.00 loan, a charge of 3.5 "points."[1] *See* Amended Complaint at ¶ 12, Exhibit A. It similarly alleges that named plaintiffs Richard B. and Sheila S. Griffin were charged 3.0 points on a $100,000.00 loan and that named plaintiffs Robert W. Tucker and Judith K. Seltzer were charged 2.25 points on a $320,000.00 loan. *See id.* at ¶¶ 13–14, Exhibits B & C. All three counts in the Amended Complaint allege a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically collection of an unlawful debt in violation of 18 U.S.C. § 1962(a) & (c), for which plaintiffs seek relief pursuant to 18 U.S.C. § 1964.

The RICO statute defines an "unlawful debt" as:

> a debt (A) ... which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with ... the business of lending money or a thing of value at a rate usurious under State or Federal law, *where the usurious rate is at least twice the enforceable rate.*

Plaintiffs argue that, because Title 28, D.C. Code section 28–3301(e)(2) states that a lender may not charge more than one point unless the borrower agrees to pay additional points in order to qualify for a lower interest rate, which bargaining did not occur in plaintiffs' cases, defendants charged plaintiffs more than twice the number of points allowed by law. *See* Plaintiffs' Brief in Opposition to Defendants' Motions to Dismiss ("Plaintiffs' Opposition") at 24. To prevail, however, plaintiffs must demonstrate that "the usurious *rate* was at least twice the enforceable *rate.*" *Durante Bros. & Sons, Inc. v. Flushing Nat'l Bank,* 755 F.2d 239, 248 (2d Cir.), *cert. denied,* 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985), (citing 18 U.S.C. § 1961(6)) (emphasis added). The highest interest rate for which two parties may legally contract in the District of Columbia is 24% per year. *See* D.C.Code Ann.

§ 28–3301(a) (1981 & 1988 Supp.). Plaintiffs cannot survive a motion to dismiss for failure to state a claim upon which relief can be granted because, although they have alleged that defendants charged more than twice the number of legally allowable points under the laws of the District of Columbia, they have not alleged that defendants charged more than twice the allowable interest rate.

Although Congress has explicitly provided that the provisions of the RICO statute "shall be liberally construed to effectuate its remedial purposes," Pub.L. No. 91–452, § 904, 84 Stat. 922, 947 (1970), the statute cannot be read so broadly as to substitute new language for the language chosen by Congress. In 18 U.S.C. § 1961(6), Congress defined an "unlawful debt" by reference to the enforceable *"rate."* In the lending field, "rate" has one meaning; "point" has another. Indeed, a point is simply one component of the overall interest "rate." *See* D.C.Code Ann. § 28–3311(a) (1981 & 1988 Supp.) (identifying loan origination fees or points as components of "interest"); *id.* at § 28–3301(e)(2) (allowing a borrower to agree to pay more than one point on a loan in exchange for "a lower rate of interest than would otherwise have been offered"); *Montgomery Fed. Sav. & Loan Assoc. v. Baer,* 308 A.2d 768, 772–73 (D.C.1973) (holding that " 'points' should be prorated or apportioned over the entire term of a loan in determining if the rate of interest is usurious").

Indeed, the Supreme Court recognized almost 100 years ago that, for purposes of computing whether an interest rate was "usurious," significantly the exact same word used in the RICO statute's definition of "unlawful debt," a fee paid at the origination of a loan must be added to the interest paid over the course of the life of the loan to determine if the combined payments exceed the legally allowable interest rate. *See Fowler v. Equitable Trust Co.,*

---

1. One "point" is generally a loan origination fee of one percent of the total loan amount. *See* D.C.Code Ann. § 28–3301(e) (1981 & 1988 Supp.); Memorandum of Points and Authorities in Support of the Motion to Dismiss of Defendant Meritor Savings, F.A. at 2 n. 4. Thus, a loan origination fee of 3.5% of the total loan would constitute 3.5 points.

141 U.S. 411, 413, 12 S.Ct. 8, 9, 35 L.Ed. 794 (1891); *accord Montgomery Fed. Sav.*, 308 A.2d at 773. Plaintiffs' position—that under D.C. law "the maximum rate was one point," Plaintiffs' Opposition at 24—has been stated without providing any precedential authority and is self-contradictory. One *point* simply cannot be the maximum *rate*. Thus, even taking the facts as alleged in the Amended Complaint, defendants did not lend money at a rate "at least twice the enforceable rate." Because the Amended Complaint thus fails to allege a violation of 18 U.S.C. § 1962(a) or (c), there is no need to proceed to evaluate the other defenses raised by defendants' motions to dismiss.

Accordingly, the accompanying Order will grant defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Furthermore, although defendant First National Bank of Maryland answered rather than filing a motion under Fed.R.Civ.P. 12, it is apparent from the above discussion that plaintiffs have also failed to state a claim against that defendant upon which relief can be granted. Accordingly, the accompanying Order will dismiss the complaint as to defendant First National Bank of Maryland *sua sponte*.